**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| KINIGOS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| NEXTLABS, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Kinigos, LLC (hereinafter, "Kinigos" or "Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant, NextLabs, Inc. (hereinafter, "NextLabs" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,782,510 (the "'510 Patent" or the "Patent-in-Suit").

**PARTIES**

2. Plaintiff Kinigos, LLC is a limited liability company organized and existing under the laws of the State of Nevada.

3. Upon information and belief, Defendant NextLabs, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 2 Waters Park Drive, Suite 250, San Mateo, California.

**JURISDICTION AND VENUE**

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction

over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.  Further, this Court has general jurisdiction over Defendant, including due to its continuous and systematic contacts with the State of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, makes, distributes, imports, hosts, offers for sale, sells, advertises, and/or uses the accused products named herein in the State of Texas.  Defendant has committed patent infringement in the State of Texas, has induced others to commit infringement in the State of Texas, and/or has contributed to patent infringement in the State of Texas.  Defendant solicits customers/users in the State of Texas. Defendant has customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendant's infringing products in the State of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendant has purposefully availed themselves of the privileges of conducting business in this District; Defendant regularly conducts business within this District; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in this District.  Further, Defendant has continuous and systematic contacts with this District.

8. More specifically, Defendant, directly and/or through intermediaries, makes, distributes, imports, hosts, offers for sale, sells, advertises, and/or uses the accused products named herein in this District.  Defendant has committed patent infringement in this District, has induced others to commit infringement in this District, and/or has contributed to patent infringement in this District.

Defendant solicits customers/users in this District.  Defendant has customers/users who are residents of this District and who purchase, acquire, and/or use Defendant's infringing products in this District.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,782,510

9. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10. The '510 Patent, entitled "Word Checking Tool for Controlling the Language Content in Documents Using Dictionaries with Modifyable Status Fields," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 24, 2004 after full and fair examination.  The '510 Patent then underwent Ex Parte Reexamination, and a reexamination certificate was issued on December 17, 2013.  Plaintiff is the assignee of the '510 Patent, with all rights and privileges thereto, including the right and standing to bring suit for infringement and recover past and present damages.

11. The claims of the '510 Patent cover, *inter alia*, electronic systems and methods for permitting a user to control which words are allowed in an electronic document before the electronic document is published, said system including: a system memory for storing a word checking software module; a processing device for executing the word checking software module; an electronic dictionary for identifying a set of filter words to be filtered from the electronic documents, said set of filter words including both offensive words and/or potentially inappropriate words, and which potentially inappropriate words are determined by considering an identity of an audience intended to receive the electronic document; and wherein the word checking software module is configured such that it can perform the following operations: (i) retrieving words to be checked from an electronic file for the document; and (ii) designating said set of filter words by changing a value of a status field for such words in said electronic dictionary and/or by storing

said set of filter words as one or more separate electronic dictionaries; and (iii) determining whether said words from the document include any from said set of filter words; and (iv) controlling initial distribution of such electronic document based on steps (i) and (ii).

12. Upon information and belief, Defendant makes, hosts, offers for sale, sells, uses and/or imports, without limitation, electronic systems and methods for permitting a user to control which words are allowed in an electronic document before the electronic document is published, said system including: a system memory for storing a word checking software module; a processing device for executing the word checking software module; an electronic dictionary for identifying a set of filter words to be filtered from the electronic documents, said set of filter words including both offensive words and/or potentially inappropriate words, and which potentially inappropriate words are determined by considering an identity of an audience intended to receive the electronic document; and wherein the word checking software module is configured such that it can perform the following operations: (i) retrieving words to be checked from an electronic file for the document; and (ii) designating said set of filter words by changing a value of a status field for such words in said electronic dictionary and/or by storing said set of filter words as one or more separate electronic dictionaries; and (iii) determining whether said words from the document include any from said set of filter words; and (iv) controlling initial distribution of such electronic document based on steps (i) and (ii).  Plaintiff is informed and believes that such infringing products and/or services comprise NextLabs Data Protection for Email, including as part of the NextLabs Data Protection Suite.

13. Additionally, or in the alternative, Defendant has induced infringement of the '510 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '510 Patent in this judicial district, the State

of Texas, and elsewhere in the United States, including by aiding or abetting at least its customers and other end users to use said products and/or services.  Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '510 Patent, which was at least as early as the filing of this Complaint, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

14. Additionally, or in the alternative, Defendant has contributed to infringement of the '510 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising contributing to at least the use of said products by customers and/or other end users in this judicial district, the State of Texas, and elsewhere in the United States, and such contributory infringement involves knowledge that such products and/or services are especially made or especially adapted for use in an infringement of the '510 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

16. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.  Such activities constitute Defendant's infringement of the '510 patent by Defendant's practicing, making, hosting, offering for sale, selling, using and/or importing at least the products and/or services described herein, that infringe, either directly or indirectly, the patented invention, and Defendant will continue to do so unless enjoined by the Court.

**DAMAGES**

17. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less

than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Defendant's infringement of Plaintiff's exclusive rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

19. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

20. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare that Defendant's infringement has been, and continues to be, willful, including that Defendant acted to infringe the Patent-in-Suit despite an objectively high likelihood that their actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

February 3, 2015                                             Respectfully submitted,

/s/ *John J. Edmonds*
John J. Edmonds – Lead Attorney
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
Shea N. Palavan
Texas Bar No. 24083616
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com
spalavan@cepiplaw.com

ATTORNEYS FOR PLAINTIFF
KINIGOS, LLC